# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4429 | **DATE** | June 23, 2011 |
| **CASE TITLE** | *Harrer v. A&S Collections Associates, Inc.*, | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for default judgment [53-1] is denied without prejudice. The plaintiff has 21 days in which to file a renewed motion for default judgment or else the case may be dismissed for want of prosecution. Any renewed motion shall include specific citations to caselaw and any other relevant authority demonstrating that the conduct alleged here creates liability under the FDCPA. In the event that the plaintiff seeks emotional distress damages, the plaintiff shall provide current citations to authority from this district supporting that request. Any renewed motion must be noticed before the court.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff has filed a motion for default judgment with respect to his complaint alleging various violations of the Fair Debt Collection Practices Act. For the following reasons, the motion for default judgment is denied without prejudice.

The goal of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, is to "eliminate abusive debt collection practices by debt collectors." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,-U.S.*, 130 S.Ct. 1605, 1608 (2010). The facts alleged in the plaintiffs' amended complaint are deemed true as a result of the defendants' default. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). According to the amended complaint, the plaintiff bought a used and defective washer/dryer combination unit from Appliance Depot in Venice, Florida. Although the plaintiff initially placed a "stop payment" order on the check he wrote for the unit, in or around February 2005, he ultimately paid the full price for the unit on a subsequent check in order to "buy peace."

On or about April 15, 2005, the defendant sent the plaintiff a letter stating that he had "failed to clear his delinquent account" with DEP Marketing for $841.48. According to the plaintiff's amended complaint, DEP Marketing is an "also known as" name for Appliance Depot. The April 15, 2005, letter indicated that the outstanding amount would be reported to Equifax Credit Reporting Service. On April 28, 2005, the plaintiff sent a letter to the defendant informing it that he did not owe the money that was discussed in the April 15, 2005, letter. The plaintiff alleges that the defendant then repeatedly placed calls to the plaintiff for the purpose of collecting the alleged debt.

On June 25, 2010, an authorized agent or employee of A&S Collection Services left a message on the plaintiff's telephone answering machine. In the message, the person left her name and phone number and

said that it was "very important that you get a hold of me today." The employee did not identify herself as a debt collector. The telephone number from which the employee called belongs to the defendant. On June 28, 2010, the plaintiff faxed a letter to the defendant disputing that he owed the debt and requesting that the defendant verify the alleged debt. This letter, attached as Exhibit C to the amended complaint, is addressed to A&S Collections with a "re:" line reading "Debt of $40.07 owed to marketing T/A appliance depot." It further states that:

> My son just got off the phone with one of your reps regarding the above debt. I have researched it and have come to conclude that I do not owe it. Please do not contact me in this matter via phone.
>
> Also, if your position is that I do owe the debt, please send me verification that I owe it. I have never received a letter from your firm regarding this matter.

On July 21, 2010, the plaintiff received a letter from the defendant that purported to verify that the plaintiff owed $40.07 on the alleged debt. The return envelope read "A&S Collection Associates." Despite the defendant's threat in 2005 that the outstanding amount would be reported to Equifax, that amount has not been reported. The complaint then proceeds to allege that the defendant's conduct violated the FDCPA in eleven different ways. The plaintiff's memorandum in support of his motion for default judgment restates these eleven alleged bases for liability. They are:

> a. Defendant violated § 1692d by engaging in conduct, as described *supra*, the natural consequence of which is to oppress, harass, and abuse the Plaintiff;
>
> b. Defendant violated § 1692e when Defendant repeatedly falsely represented, in its collection letters and telephone calls to the Plaintiff, that Plaintiff owed a debt that he did not owe;
>
> c. Defendant violated § 1692e (2) when Defendant repeatedly falsely represented the amount and character of the debt in its collection letters sent to Plaintiff, as Plaintiff did not owe the alleged debt sought to be collected by Defendant;
>
> d. Defendant violated § 1692e (5) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will" be reported to Equifax when Plaintiff did not owe the debt, and thus the debt could not legally be reported to Equifax as being outstanding and owed;
>
> e. Defendant violated § 1692e (5) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will"be reported to Equifax when Defendant did not intend to report the alleged debt to Equifax;
>
> f. Defendant violated § 1692e (8) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will" be reported to Equifax, since Defendant threatened to report false credit information in so doing:
>
> g. Defendant violated § 1692e (10) when Defendant falsely represented, via letter and

      phone, that Plaintiff owed a debt that he in fact did not;

      h.      Defendant violated § 1692f (1) when Defendant attempted to collect the alleged debt via its letters sent to Plaintiff, as said debt is not authorized by any agreement between the Plaintiff and Defendant or the creditor, nor is the collection of said debt permitted by law;

      i.      Defendant violated § 1692d (6) when Defendant left a message on Plaintiff's voice mail on June 25, 2010, without disclosing its identity;

      j.      Defendant violated § 1692f (8) when Defendant sent Plaintiff a letter dated July 14, 2010, in its attempts to collect the alleged debt, that was sent in an envelope which reads "A & S Collection Associates, Inc." on the return address, thus indicating that the communication concerns debt collection;

      k.      Defendant violated § 1692e (10) when Defendant sent Plaintiff a letter dated July 14, 2010, in its attempts to collect the alleged debt, that was sent in an envelope which reads "Immediate Action Required" on the envelope, as no action was "required" to be taken in response to the receipt of said letter;

      This summary argument is an insufficient basis upon which this court can conclude that a violation(s) of the FDCPA has occurred. *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[i]t is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel" and we have warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). The plaintiff's conclusory statements without citation to authority fail to establish liability under the FDCPA. Accordingly, the motion for default judgment is denied without prejudice.

      Moreover, while the court has not determined that an FDCPA violation has occurred or that the plaintiff is entitled to damages, the court notes another problem with the plaintiff's motion for default judgment. While the plaintiff cites to numerous cases in which plaintiffs in FDCPA cases have been awarded damages for emotional distress, not one is from this district and not one is less than twelve years old. Moreover, the plaintiff fails to provide any specifics regarding these cases as to what facts supported the amounts awarded. "The plaintiff ordinarily has the burden to prove damages," *Elipas v. Jedynak*, No. 07 C 3026, 2010 WL 1611024, at *4 (N.D. Ill. Apr. 20, 2010) (citation omitted), and needless to say, the plaintiff's citations fail to provide the court with any indication of what the current state of the law is with respect to awarding emotional distress damages under the FDCPA to plaintiffs in this district.

      The plaintiff has 21 days in which to file a renewed motion for default judgment. Any renewed motion shall include specific citations to caselaw and any other relevant authority demonstrating that the conduct alleged here creates liability under the FDCPA. In the event that the plaintiff seeks emotional distress damages, the plaintiff shall provide current citations to authority from this district supporting that request. Any renewed motion must be noticed before the court.