UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WERNER HARRER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 10-cv-04429 |
| v. | ) | |
| | ) | |
| A & S COLLECTION | ) | Judge Blanche M. Manning |
| ASSOCIATES, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT, | ) | <u>Jury Demanded</u> |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**CONTENTS**

I.    INTRODUCTION

II.   BRIEF MEMORANDUM OF APPLICABLE LAW
        A. Violation of the Fair Debt Collection Practices Act (FDCPA)
        B. Damages under the FDCPA

III.  PLAINTIFF'S CLAIM FOR DAMAGES

IV.  ATTESTATION OF THE FACTS
       See *Second Amended Complaint*.

V.   ATTORNEYS' FEES & COURT COSTS
       Summary of Attorneys' Fees
       Comprehensive listing attached hereto as Exhibit A.
       Attorney Affidavit attached hereto as Exhibit B.

VI.  DECLARATORY RELIEF

VII. PRAYER FOR RELIEF

## I. INTRODUCTION

Plaintiff, WERNER HARRER, filed the Complaint in this matter alleging, inter alia, that Defendant, A & S COLLECTION ASSOCIATES, INC., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). On February 22, 2011, the court instructed Plaintiff to file a motion for default judgment. Plaintiff, WERNER HARRER, appearing by and through his attorney, Mario Kris Kasalo, moves this Honorable Court for a Default Judgment against Defendant A & S COLLECTION ASSOCIATES, INC.

## II. BRIEF MEMORANDUM OF APPLICABLE LAW

### A. Violation of the Fair Debt Collection Practices Act (FDCPA)

Plaintiff's Complaint alleges that Defendant violated the FDCPA by the manner with which it attempted to collect an alleged debt from Plaintiff. Specifically, Plaintiff's Complaint alleges that Defendant violated the FDCPA as follows:

a. Defendant violated § 1692d by engaging in conduct, as described *supra*, the natural consequence of which is to oppress, harass, and abuse the Plaintiff;

b. Defendant violated § 1692e when Defendant repeatedly falsely represented, in its collection letters and telephone calls to the Plaintiff, that Plaintiff owed a debt that he did not owe;

c. Defendant violated § 1692e (2) when Defendant repeatedly falsely represented the amount and character of the debt in its collection letters sent to Plaintiff, as Plaintiff did not owe the alleged debt sought to be collected by Defendant;

d. Defendant violated § 1692e (5) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will" be reported to Equifax when Plaintiff did not owe the debt, and thus the debt could not legally be reported to Equifax as being outstanding and owed;

e. Defendant violated § 1692e (5) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will" be reported to Equifax when Defendant did not intend to report the alleged debt to Equifax;

f. Defendant violated § 1692e (8) when Defendant threatened, via its April 15, 2005 collection letter sent to Plaintiff, that the debt "will" be reported to Equifax, since Defendant threatened to report false credit information in so doing:

g. Defendant violated § 1692e (10) when Defendant falsely represented, via letter and phone, that Plaintiff owed a debt that he in fact did not;

h. Defendant violated § 1692f (1) when Defendant attempted to collect the alleged debt via its letters sent to Plaintiff, as said debt is not authorized by any agreement between the Plaintiff and Defendant or the creditor, nor is the collection of said debt permitted by law;

i. Defendant violated § 1692d (6) when Defendant left a message on Plaintiff's voice mail on June 25, 2010, without disclosing its identity;

j. Defendant violated § 1692f (8) when Defendant sent Plaintiff a letter dated July 14, 2010, in its attempts to collect the alleged debt, that was sent in an envelope which reads "A & S Collection Associates, Inc." on the return address, thus indicating that the communication concerns debt collection;

k. Defendant violated § 1692e (10) when Defendant sent Plaintiff a letter dated July 14, 2010, in its attempts to collect the alleged debt, that was sent in an envelope which reads "Immediate Action Required" on the envelope, as no action was "required" to be taken in response to the receipt of said letter;

**Liability Under § 1692e , § 1692e (2)(A), and  § 1692e(10)**

15 U.S.C. 1692e(2)(A) provides, in relevant part as follows:

**§ 1692e.  False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*

**(2) The false representation of--**
**(A) the character, amount, or legal status of any debt;**

**15 U.S.C. § 1692e(2)(A)**

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means with the collection of any debt," including falsely representing "the character, amount, or legal status of any debt." § 1692e(2)(A). No scienter is necessary; an unintentional false representation violates the FDCPA. *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000). The standard for liability is whether the representation would mislead or deceive an unsophisticated consumer. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007).

As shown by the letter from Defendant attached to Plaintiff's *Second Amended Complaint* as Exhibit D, it is undisputed that Defendant attempted to collect the amount of $40.07 from Plaintiff. Plaintiff alleges, in paragraph 21 of the Second Amended Complaint, that he "does not owe $40.00, or any other amount, to Defendant or to any other entity relating to the purchase of the washer/dryer combo for which the debt is being collected. This alleged fact is deemed true as a result of defendants' default. *In re Catt*, 368 F.3d 789, m793 (7th Cir. 2004). Because the collection letter falsely states that Plaintiff owed $40.17 to Defendant, Defendant is liable under § 1692e and § 1692e(2)A because the collection letter falsely represents the amount of debt. *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (finding facial violation of § 1692e when debt collector attempted to collect debt that had been discharged in bankruptcy, and thus that was not owed).

Similarly, § 1692e(10) proscribes "The use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information about a consumer." § 1692e(10). By falsely stating in its Letter that Plaintiff owed an amount that he did not, for the purpose of collecting the debt falsely alleged, Defendant has also violated this section and is liable to Plaintiff under the same.

## Liability under § 1692e(11)

15 U.S.C. 1692e(11) provides, in relevant part as follows:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, <u>and the failure to disclose in subsequent communications that the communication is from a debt collector</u>, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

**15 U.S.C. § 1692e(11), emphasis added**

A debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is thus a violation of the FDCPA. *15 U.S.C. §1692e(11). Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 127685 (C.D. Ill., Dec. 2, 2010).

As alleged in the *Second Amended Complaint, paragraph 12*, Defendant left the following message on Plaintiff's voice mail on June 25, 2010:

> **"This message is for Werner or Erika, this is Rachel Wernicke calling…Very important that you get a hold of me today, call me toll-free at 1-800-944-8711 and my direct extension is 144. Thank you."**

*Second Amended Complaint, P. 12.*

At no point in the message does Defendant identify itself as a debt collector. Moreover, Plaintiff has alleged in his Complaint that the telephone number that was referenced in the voice mail, from which Defendant was calling, belonged to the Defendant, and that it was Defendant that placed the call and left the voice mail. *Second Amended Complaint, P. 12, 13.*

Plaintiff has also alleged that Defendant placed said call for the purpose of collecting a debt, as Defendant would have no other reason to contact the Plaintiff. *Second Amended Complaint, P. 11.* Although there is no mention of the debt in the voice mail message, it is clear that Defendant's voice mail was a "communication" as that term is understood under the Act. *Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2D 1035, 1042, 1047, (N.D. Ill 2008)*("Although the messages do not mention specific information about plaintiff's debt or the nature of the call, *§ 1692a(2)* applies to information conveyed "directly or indirectly."); See Also *Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2D 1035, 1042, 1047, (N.D. Ill 2008) citing Belin v. Litton Loan, LP, No. 8:06 CV 760, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, at *4 (M.D. Fla.July 14, 2006)* (rejecting defendants' conveyance argument "because courts have found that messages lefton answering machines that did not convey information about a debt were still communications under the FDCPA); *Foti v. NCO Fin. Sys., 424 F. Supp. 2D 643, 659 (S.D.N.Y. 2006)* (holding that a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication, "given the obvious purpose of the message was to provide the debtor with enough information to entice a return call....")

Finally, although Plaintiff did not specifically plead a violation of 15 U.S.C. § 1692e(11), Plaintiff did allege that "Defendant's violations of the FDCPA include, but are not limited to" the violations thereafter specifically plead. For this reason, this Court is urged to consider Defendant's violation of this section of the FDCPA, and find that Defendant violated the same.

### Liability under §§ 1692f and f(8)

15 U.S.C. 1692f(8) provides, in relevant part as follows:

**§ 1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

***

**(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

15 U.S.C. § 1692f(8)

Plaintiff has alleged that he received an envelope bearing the defendant's name "A & S Collection Associates, Inc.", which violates section § 1692f of the FDCPA. *Second Amended Complaint, P. 17-18.* That section prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt" and specifically prohibits "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . ., except that a debt collector may use his business name if such name does not indicate that he is in the

debt collection business." 15 U.S.C. §§ 1692f and f(8). "The purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Rutyna* v. *Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979). A collector may use his name if it does not indicate that he is in the debt collection business. *Davis v. Baron's*, 2001 U.S. Dist. LEXIS 19008 *17, 18 (N.D. Ill. Nov. 19, 2001).

It is undisputed that Defendant used a name—A & S Collection Associates, Inc.—that indicated that it is in fact in the debt collection business. Moreover, it must be taken as true that the letter contained within the envelope was, in fact, a communication sent in connection with the collection of a debt. *Second Amended Complaint, P. 16.* For these reasons, Defendant's letter violated § 1692f and f(8) of the FDCPA, and it is thus liable to Plaintiff for the same.

## Liability under § 1692d(6)

15 U.S.C. § 1692d(6) provides, in relevant part as follows:

**§ 1692d. Harassment or abuse**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

***

**(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.**

A debt collector violates the FDCPA by placing a telephone call and failing to meaningfully disclose its identity. 15 U.S.C. § 1692d(6). Courts have found that a debt

collector fails to meaningfully disclose its identity if the caller does not state that it is a debt collector or an employee or agent of a debt collector, or the nature of the communication. *D.G. v. William W. Siegel & Assocs.*, 2011 U.S. Dist. LEXIS 63298 at *8-9 (N.D. Ill. June 14, 2011) citing *Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 77881, 2010 WL 3021904, at *3 (C.D. Ill. Aug. 3, 2010); *Edwards v. Niagra Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1360 (N.D. Ga. 2008).

Plaintiff alleges that Defendant violated the FDCPA because Defendant's voice message did not meaningfully disclose the caller's identity, nor state that it was an attempt to collect a debt. *Second Amended Complaint, P. 12-14*. Plaintiff specifically pleads the contents of the message left by Defendant which does not state the identity of the caller or that the caller is attempting to collect a debt. *Id. at 12*. Therefore, applying *D.G. v. William W. Siegel & Assocs* and *Hutton,* Plaintiff alleges sufficient facts to state a claim for relief under Section 1692d(6) of the FDCPA, and Defendant is liable under this section of the FDCPA as well.

### B. Damages under the FDCPA

The Fair Debt Collection Practices Act provides for the payment of a statutory damage of no less than $100.00 and no more than $1,000.00. 15 U.S.C. § 1692k.

The aforesaid section of the FDCPA states: "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of:

(1) *any actual damage sustained by such person as a result of such failure*;

(2)(A) *in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000*;

Plaintiff does not seek actual damages from the Defendant in this action.

As to statutory damages, under the FDCPA, a debt collector who violates the statute is liable for actual damages sustained by a plaintiff and, in the case of an action by an individual, such additional damages as a court may allow, but not exceeding $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A). The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998). In determining whether statutory damages are appropriate, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Defendant' s telephone calls and collection letters to Plaintiff were both frequent and persistent. Also, said calls and letters were made and sent despite that Plaintiff did not owe the alleged debt at issue. Plaintiff respectfully requests that the Court award him $1,000.00 in statutory damages.

### III. PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff seeks to recover $1,000 in statutory damages. Additionally, Plaintiff seeks recovery of his attorneys' fees in the amount of $9,767.50 and reimbursement of court costs in the amount of $500.00.

### IV. ATTESTATION OF THE FACTS

Please see *Second Amended Complaint*.

## V. ATTORNEYS' FEES AND COURT COSTS

Please see summary below. For a comprehensive list of Plaintiff's attorneys' fees, please see Exhibit A (Attorney's Fees), attached hereto. The Affidavit of Attorney Mario Kris Kasalo is attached hereto as Exhibit B.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Mario Kasalo | 30.90 | $ 275.00 | $ 8,497.50 |
| Matthew Prengaman | 6.35 | $ 200.00 | $ 1,270.00 |
| | | Total Amount of Attorney's Fees | $ $9,767.50 |
| | | Cost for Filing Complaint | $ 350.00 |
| | | Cost of Service of Summons | $ 150.00 |

## VI. DECLARATORY RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant for the counts alleged above for:

  a. An Order declaring that Defendant's actions in collecting the alleged debt violate the FDCPA;

  b. An Order declaring that Plaintiff does not owe any money to Defendant, or to any other agent, assignor, or entity relating to the purchase of the washer/dryer combo unit identified in the Complaint;

  c. Such other or further relief as the Court deems proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WERNER HARRER, by and through his attorneys, The Law Office of M. Kris Kasalo, Ltd., respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, A & S Collection Associates, Inc., as

follows:

| | | |
|---|---|---|
| 1. | Statutory Damages | $1,000.00 |
| 2. | Attorneys' Fees | $9,767.50 |
| 3. | Court Costs | $ 500.00 |
| | TOTAL: | $11,267.50 |

**By:** /s/ M. Kris Kasalo
M. Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
1800 West Roscoe Street, Suite 409
Chicago, IL  60657
tele 312.450.7849
fax 312.698.5054
mario.kasalo@kasalolaw.com